[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4837.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4837

COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4837.]

*Because the board of education did not advance its argument for setting aside the board of revision's reductions at the Board of Tax Appeals, it was not error for the Board of Tax Appeals to retain the board of revision's reduced valuations.*

(No. 2014-0721—Submitted June 9, 2015—Decided November 25, 2015.)

APPEAL from the Board of Tax Appeals, Nos. 2013-4176, 2013-4177, and 2013-4178.

———————————

**Per Curiam.**

{¶ 1} This real-property-valuation case concerns the tax-year-2010 valuation of three two-family residential rental properties in Columbus. Appellee

Franklin County Board of Revision ("BOR") approved a reduction in the auditor's original valuation based upon an unspecified sales-comparison and income approach, neither of which is part of the record. The Board of Tax Appeals ("BTA") affirmed the reduction, and appellant, the Columbus City Schools Board of Education ("BOE"), has appealed. The BOE argues that the BTA should not have affirmed the reduced valuation when the evidence for the reduction is not in the record. Because this argument was not advanced before the BTA, we find that it was waived. We therefore affirm the decision of the BTA.

## BACKGROUND

{¶ 2} On March 31, 2011, Donald Beck filed complaints against the auditor's tax-year-2010 valuations of three parcels of residential property (one on Tulsa Drive, one on Kingshill Drive, and one on Norma Road), each improved with side-by-side two-family houses, which Beck for the most part rents out to paying tenants.[1] The Franklin County Board of Revision ("BOR") held a hearing on May 23, 2013, at which Beck testified and offered his comparable-sales evidence as to each of the properties. In each case, the BOE filed a counter-complaint and its counsel appeared at the hearing.

### The Tulsa Drive property

{¶ 3} The auditor valued the property on Tulsa Drive at $153,700, and Beck sought a reduction to $81,066. Beck's evidence consisted of his testimony regarding the rent he received from the units in 2010 and three printouts meant to establish recent home sales in the vicinity. He testified that one side of his unit rented for $675 and the other for $600. The three printouts that were meant to establish comparables were given to Beck by a real-estate agent and were printed from a real-estate listing-service website. The printouts showed sales of three

---

[1] Beck also filed a complaint regarding a fourth property, and at the BOR, all four cases were consolidated for hearing. The fourth property was not at issue in the BTA and is not at issue in this appeal.

nearby properties. One sold for $74,200 in November 2009, and the comments on the printout indicated "TLC needed." A second sold for $90,000 in July 2007, and the printout noted that one unit had fire damage and that the property was sold "as is." A third sold in December 2009 for $79,000.

{¶ 4} Beck admitted on cross-examination that he judged comparability solely from the exterior of the properties and that he had no knowledge of the circumstances of the sales or whether they were arm's-length sales. Based on Beck's admissions, the BOE urged that little weight be accorded to the comparables.

*The Kingshill Drive property*

{¶ 5} The auditor valued the Kingshill Drive property at $153,700, and Beck sought a reduction to $81,066 (the valuation and requested reduction were the same as for the Tulsa Drive property). Beck testified as to occupancy and rent: in 2010, one side rented for $600, the other side for $700 (because it has an additional bedroom). This property is located near the Tulsa Drive property, so Beck relied on the same three comparables to support his reduction claim, and the BOE again asserted that little weight should be accorded to the comparables.

*The Norma Road property*

{¶ 6} The auditor valued the Norma Road property at $149,200, and Beck sought a reduction to $74,666. Beck testified that one side rented for $610 and the other for $625 in 2010. Beck presented a printout from the Franklin County auditor's website as evidence of a recent sale of a nearby property for $95,000. Also, Beck presented listing entries. One was a bank-owned property that sold in October 2009 for $64,900. Another was a HUD sale in February 2010 for $80,100, and a third sold in December 2009 for $79,000. The BOE again pointed out Beck's lack of knowledge concerning the arm's-length character of the sales, and it urged that little weight be accorded to them.

*The opinions of value given by the owner are actually the*
*opinions of an unidentified real-estate agent*

**{¶ 7}** Beck testified that he consulted with his real-estate agent in coming up with suggested values as to each of the properties.

*The BOR's decisions*

**{¶ 8}** The BOR convened on July 9, 2013, and accepted the auditor's recommendations for the following reductions: Tulsa Drive—reduce from $153,700 to $96,000; Kingshill Drive—reduce from $153,700 to $97,500; Norma Road—reduce from $149,200 to $101,000. In each case, the reduction was ordered for three years: 2010, 2011, and 2012.

**{¶ 9}** In recommending the new valuations, the auditor's delegate stated that consideration was given to both "the sales comparison approach and the income approach," with each being properly weighted. But no additional evidence was submitted; specifically, no valuation evidence based on a sales-comparison approach or an income approach was introduced by the county.

*The BTA's decision*

**{¶ 10}** The BOE appealed to the BTA, which decided the three valuation matters based on the existing record.[2] The BTA convened a hearing, but none of the parties appeared; nor did any party file a brief. Relying on *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 206, the BTA affirmed the BOR's reductions. The BTA stated: The BOR "took into consideration the taxpayer's evidence, as well as the information available to it, and concluded that an adjustment to value was warranted." BTA Nos. 2013-4176, 2013-4177, and 2013-4178, 2014 Ohio Tax LEXIS 2295, 4 (Apr. 10, 2014). The BTA determined that the BOE's arguments

---

[2] BTA No. 2013-4176 involved the Tulsa Drive property; BTA No. 2013-4177 involved the Kingshill Drive property; and BTA No. 2013-4178 involved the Norma Road property.

4

for reinstating the auditor's valuations were insufficient and that the adjustments made by the BOR were supported by the record.

{¶ 11} The BOE appealed the BTA decision to this court.

### ABSENT ARGUMENTATION OR EVIDENCE FROM A BOARD OF EDUCATION, IT IS NOT ERROR FOR THE BTA TO RETAIN A BOARD OF REVISION'S REDUCED VALUATION

*The BOE waived its claim of error as appellant when it presented neither argument nor evidence before the BTA*

{¶ 12} The BTA relied on the rule set forth in *Dublin City Schools*, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 206, that "when a taxpayer presents evidence contrary to the auditor's valuation and no evidence is offered to support the auditor's valuation, the BTA may not simply reinstate the auditor's determination." *Dublin City Schools*, ¶ 17, citing *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, ¶ 11-12. Here, the taxpayer presented evidence for a reduction, but the BOR neither adopted the taxpayer's suggested valuations (which depended on the opinion of a real-estate agent who did not appear before the BOR), nor retained the auditor's valuations. Instead, the BOR ordered partial reductions, which the BOR indicated were based on "the sales comparison approach and the income approach," with each being properly weighted. But neither the BOR's computation nor the evidence on which it relied was placed into the record. On appeal, the BOE argues under its first and third propositions of law that the BTA was required to set aside the BOR's reductions because the evidence supporting them was not placed into the record by the BOR.

{¶ 13} But the BOE did not advance this argument, or any other, before the BTA. The only thing that the BOE presented at the BTA was its notices of appeal as to the three properties, indicating its desire that the auditor's original valuation be reinstated. The BOE contends in its first proposition of law before

this court that "[i]f there is no evidence before the BTA from which it can independently determine the true value of the property, the BTA must adopt the county auditor's original appraised value of the property." The BOE implies that this proposition of law is an overriding legal principle that the BTA must apply sua sponte. We disagree.

{¶ 14} "Generally, a party waives the right to appeal an issue that could have been but was not raised in earlier proceedings. * * * This principle has been applied in appeals from administrative agencies." *MacConnell v. Ohio Dept. of Commerce*, 10th Dist. Franklin No. 04AP-433, 2005-Ohio-1960, ¶ 21 (when license applicant failed to object to evidentiary defects before the administrative tribunal, those defects could not be asserted as grounds for appeal). This principle has been applied to board-of-revision proceedings that come before this court on appeal from the BTA. *See LTC Properties, Inc. v. Licking Cty. Bd. of Revision*, 133 Ohio St.3d 111, 2012-Ohio-3930, 976 N.E.2d 852, ¶ 6, fn. 1; *Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, 957 N.E.2d 268, ¶ 20.

{¶ 15} Because the BOE did not advance its argument for setting aside the BOR's reductions at the BTA, we find that it was not error for the BTA to retain the BOR's reduced valuations.

*The BOE's claim that the BTA failed to make specific*
*findings of fact in this case is not well taken*

{¶ 16} Under its second proposition of law, the BOE contends that the BTA must "determine the facts upon which the true value of the property must be based" and "set forth the relevant facts in its decision." We have rejected a similar argument in another context. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2015-Ohio-3633, __ N.E.3d __, ¶ 22-24. In that case, the BTA relied on the only appraisal presented, and said so. We found no legal requirement that the BTA set forth its findings more fully

6

under the circumstances.  Here the BTA stated the rationale for its decision, and it did so in the context of receiving no argumentation or evidence from the BOE in opposition to the BOR's determination.  We hold that under these circumstances, the BTA was justified in rendering its decision without offering any further explanation.

### CONCLUSION

{¶ 17} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., and Mark Gillis, for appellant.

_____