[Cite as *Ryan, L.L.C. v. Franklin Cty. Treasurer*, 2016-Ohio-3234.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ryan, LLC, as assignee of MLQ MB  :
Hotels 2011, LLC,
 :
      Plaintiff-Appellant,
 :
                                No. 15AP-729
v.  :  (C.P.C. No. 14CV-6383)
 :
Franklin County Treasurer et al.,  :  (ACCELERATED CALENDAR)
 :
      Defendants-Appellees.
 :

---

D E C I S I O N

Rendered on May 31, 2016

---

**On brief:** *Dickie, McCamey & Chilcote, P.C.,* and *R. Leland Evans,* for appellant. **Argued:** *R. Leland Evans.*

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *William J. Stehle,* for appellees Franklin County Treasurer, Board of Commissioners, Auditor, and Board of Revision.

**On brief:** *Rich & Gillis Law Group, LLC, Jeffrey A. Rich,* and *Mark H. Gillis,* for appellee Columbus City School District Board of Education. **Argued:** *Kelley A. Gory.*

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Ryan, LLC, as assignee of MLQ MB Hotels 2011, LLC ("appellant" or "Ryan"), appeals from the decision of the Franklin County Court of Common Pleas granting defendants-appellees', Franklin County Treasurer, Franklin County Auditor, and Franklin County Board of Commissioners ("appellees" or "county defendants"), motion for summary judgment. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 11, 2012, MLQ MB Hotels 2011, LLC ("MLQ") acquired title to the Columbus Airport Courtyard Hotel, Parcel No. 010-233777 (the "Property") through a

deed in lieu of foreclosure from Moody National CY Airport S, LLC et al. ("Moody"). (Compl., ¶ 12.) At the time of the acquisition by MLQ, three property tax cases were pending before the Franklin County Board of Revision ("BOR"). (Compl., ¶ 13.) Those cases were identified as 07-900758 A & B ("07"); 08-900434 ("08"); and 10-007247 A & B ("10"). *Id.* The "o7" and "o8" cases were filed by the Columbus City Schools Board of Education ("Columbus BOE"). The "10" case was filed by Moody.

{¶ 3} On February 7, 2014, MLQ assigned to Ryan:

> [A]ny claims which MLQ may have against the Franklin County Treasurer (the "Treasurer"), Franklin County, the local school district, the State of Ohio, or any other governmental entity in Franklin County or the State of Ohio, for the increased property taxes, reflected in the Treasurer's bill to MLQ on May 15, 2013 (the "Bill"), on the [Property] for tax years 2007, 2008, and 2009 (the "Tax Years") arising from the increased valuation determination (the "Determination") re the Property for the Tax Years by the [BOR] issued on or about September 21, 2012 (the "Tax Claims").

(Compl., ¶ 3.)

{¶ 4} On June 18, 2014, Ryan brought this action pursuant to R.C. 2723.01 to recover allegedly illegal taxes imposed on the Property for the years 2007, 2008 and 2009 arising from an increased valuation determination. Ryan had no involvement in these BOR cases or in any of the facts alleged in the complaint.

{¶ 5} Allegedly, the increased taxes resulted from a BOR hearing on June 20, 2012, in which two prior unresolved cases, i.e., the "07" and "08" cases, which had previously been heard, were "re-heard" and for which Ryan claims that its predecessors in interest did not receive notice, rendering the decisions nullities. Ryan claims that the BOR allowed the Columbus BOE to present evidence relating to cases "07" and "08," and argue for an increase in valuation for tax years 2007-09 at the hearing for the "10" case. (Appellant's Brief, 5.) MLQ, under protest, paid the at-issue taxes and seeks a full refund and/or a proper hearing regarding the taxes owed for the years 2007-09. (Compl., ¶ 23.)

{¶ 6} On March 24, 2015, the appellees filed a motion for summary judgment. On June 2, 2015, the trial court issued its decision and entry granting appellees' motion for summary judgment, stating the following:

> In their motion for summary judgment, Defendants argue that they are entitled to judgment as a matter of law on several grounds: one, that the pertinent hearings were held after being properly noticed; two, that in any event Plaintiff's claim is barred by its failure to exhaust its administrative remedies under R.C. 5717.01 and/or R.C. 5717.05 by properly appealing the decisions of the BOR despite having received copies of the decision letters as provided for in R.C. 5715.20(A) * * *.
>
> In response, Plaintiff contends that at a minimum, genuine issues of material fact exist so as to defeat Defendants' motion for summary judgment. Specifically, Plaintiff argues there is an issue of fact as to whether it (or its predecessor) was properly noticed for the hearings pertaining to the 2007 and 2008 cases in that they may have been heard on June 20, 2012. The Court disagrees with Plaintiff on this point and instead agrees with Defendants that the record in the form of the Affidavit of LyAnne Brown and the transcripts of the hearings conducted plainly shows that the 2007 case was heard on April 15, 2009 and was attended by counsel for the Parcel owner after proper notice was given. Likewise, the record shows that the 2008 case was heard on November 15, 2011, that the hearing was attended by counsel for the property owner, and that proper notice of the hearing was given.
>
> Furthermore, even if there had been some defect in notice of the relevant hearings and/or some other dispute concerning the BOR decisions, the Court agrees with Defendants that Plaintiff could have (and should have) timely availed itself of its administrative remedies pursuant to R.C. 5717.01 and/or R.C. 5717.05. That it did not do, and the Court finds that such failure entitles Defendants to judgment as a matter of law on this ground alone. Thus, the Court specifically finds that there exists no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law on Plaintiff's claim.

(Decision, 3-4.)

## II. ASSIGNMENTS OF ERROR

{¶ 7}   Ryan appeals, assigning the following errors:

[I.] The trial court erred by granting the Appellees' Motion for Summary Judgment because a genuine issue of material fact exists in relation to the provision of notice regarding the hearings pertaining to the 2007 and 2008 cases that were heard on June 20, 2012 thereby precluding judgment as a matter of law.

[II.] The trial court erred by granting Appellees' Motion for Summary Judgment on the basis that the Appellant failed to exhaust administrative remedies because the lack of proper notice deprived the Board of Revisions of subject matter jurisdiction, rendering any decision moot.

## III. STANDARD OF REVIEW

{¶ 8}   Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). The party against whom the motion for summary judgment is made is entitled to have the evidence most strongly construed in that party's favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 9}   A "party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  In accordance with Civ.R. 56(E), when a properly supported motion for summary judgment is made, the nonmoving party may not rest upon the mere allegations or denials contained in the pleadings but must come forward with specific facts demonstrating a genuine issue of fact for trial. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against him.

## IV. FIRST ASSIGNMENT OF ERROR–PROPER NOTICE GIVEN–NO REHEARING

{¶ 10} Ryan alleges that material issues of fact exist as to the notice for the June 20, 2012 hearing, wherein Ryan alleges that the 2007 and 2008 cases were inappropriately "re-heard." Failure to properly notice a hearing renders the decision of the BOR a nullity. Therefore, whether a rehearing on the 2007 and 2008 tax years occurred on June 20, 2012 is a material fact that would affect the outcome of the case. (Appellant's Brief, 8-9.)

{¶ 11} Ryan argues that the trial court did not address the appellant's contention that the June 20, 2012 hearing was in fact a rehearing of cases "07" and "08," for which MLQ did not receive notice, based on the fact that evidence in all three cases was discussed at the June 20, 2012 hearing, and the appellees argued for an increase in the valuation as related to all three cases on that same date. (Appellant's Brief, 9-10.)

{¶ 12} Appellant admits that on May 23, 2012, a notice of hearing was sent to Moody (the old owner), with a copy to MLQ (the current owner), scheduling a hearing for case "10" only on June 20, 2012. (Compl., ¶ 15.) The June 20, 2012 hearing, and the September 14, 2012, BOR decision session, are central to this appeal.[1] We therefore turn to appellant's claim that the June 20, 2012 hearing constituted a rehearing of the 2007 and 2008 cases.

{¶ 13} Present at the June 20, 2012 hearing for the BOR was William Zapp, representing the County Treasurer, Kimbol Stroud, representing the County Auditor, and Jamie Riley, representing the County Commissioners. Attorney Todd Sleggs represented the new owner MLQ, and Attorney Angela Petrova represented the BOE.

{¶ 14} At the beginning of the hearing, Zapp states "[w]e are here for case [10]." (BOR Hearing Tr., 3.) After the participants note their appearance for the record, Stroud notes that "[t]his property has been the subject of a number of -- of complaints." (BOR Hearing Tr., 4.) Stroud went on to briefly describe the history of the "07" and "08" cases and how they remained pending for decision before the BOR. With regard to case "07," Stroud correctly stated that the case "sits in front of us today at the moment as an

---

[1] The transcripts for the June 20, 2012 hearing and the September 14, 2012 decision session meeting are contained in the same document.

undecided case." *Id.* Stroud stated that case "08" was "heard on November 15, 2011." *Id.* Stroud also discusses "consolidating" all of the cases for "decision." (BOR Hearing Tr., 5.)

{¶ 15} Sleggs appeared on behalf of MLQ at the June 20, 2012 hearing and stated:

> I have entered an appearance in the '08 case that Mr. Stroud referenced, and I anticipate that my client will have me enter an appearance in the '07 case, and I'll -- I'll do that as soon as I get back to the office.

(BOR Hearing Tr., 6.) Sleggs then proceeded to introduce evidence into the record, including the 2008 complaint, the conveyance fee statement for the October 7, 2007 transfer, the 2007 complaint and legal argument regarding MLQ's position on the facts surrounding the 2007 sale. (BOR Hearing Tr., 9-11.) It was only after counsel for MLQ submitted all of this information and argument that counsel for the BOE submitted the conveyance fee statement (duplicative of the one submitted by Sleggs) and the deed. (BOR Hearing Tr., 12.) In response to the BOE's submission, Sleggs stated:

> I'm going to ask the * * * Board of Revision to consider those, * * *, the sale is the best evidence of value. * * * We're presenting this sale evidence for the Board's consideration.

*Id.* Petrova then responded, "[w]e assert the sale should be increased for all of the tax years involved." (BOR Hearing Tr., 13.)

{¶ 16} None of the parties made any objection to the consolidation of these cases for decision purposes, including MLQ's counsel who was present at the hearing. Furthermore, at the conclusion of the June 20, 2012 hearing, it is clear that no one present at the hearing considered the hearing to involve any other case other than "10." Sleggs stated:

> [T]he focus of this Board is what's the property worth 1-1-10, and so they prepared this page to give to me an indication of -- of what [MLQ] believe[s] the value to be 1-1-10.

(BOR Hearing Tr., 15.) At no time did the BOR indicate that it was rehearing either the "07" case or the "08" case. No one made any statements conflicting with Sleggs' statement

that the focus of the BOR at the June 20, 2012 hearing was the value of the property as of January 1, 2010.

{¶ 17} The evidence shows that it was MLQ's own counsel that was allowed to present evidence relating to the "07" and "08" cases during the hearing on the "10" case. Contrary to appellant's argument, it was Ryan's predecessor's counsel who initiated the introduction of additional evidence of the 2007 and 2008 cases.

{¶ 18} How the BOR rendered its decisions is also important. On September 14, 2012, in deciding each of these cases individually, the BOR specifically stated that the "07" case "was originally heard by the Board on April 15th, 2009." (BOR Hearing Tr., 19.) Zapp, the treasurer's representative, recused himself from voting on the decision in the "07" case because he was not the treasurer's representative at that hearing. Therefore, Zapp was not present at the April 15, 2009 BOR hearing and could not vote on the outcome of that case. Had the June 20, 2012 hearing been a rehearing of the 2007 case, then Zapp would not have needed to recuse himself. In deciding the "07" case, the BOR made no reference to the June 20, 2012 hearing.

{¶ 19} After deciding the "07" case, the BOR moved on to the "08" case specifically stating that "[t]he case was heard November 15th, 2011." (BOR Hearing, 19-20.) Treasurer's representative Zapp voted on this decision because he was present at the November 15, 2011 hearing. The BOR made no reference to the June 20, 2012 hearing in deciding the 2008 matter.

{¶ 20} Finally, the BOR brought their "attention to Case ["10"], filed by the owner." (BOR Hearing Tr., 20.) It was only with regard to the "10" case that the BOR discussed any of the evidence presented at the June 20, 2012 hearing. The BOR also stated that "this case was, in fact, heard on June 20th, 2012." (BOR Hearing Tr., 21.) Neither the "07" case nor the "08" case was mentioned when deciding the "10" case.

{¶ 21} Having decided all three of the cases separately, the BOR sent separate decision letters on September 21, 2012, and the property owner and counsel were served copies. The decision letter for 2008 inadvertently references the wrong hearing date (June 20, 2012 rather than November 15, 2011). (Compl., Ex. C.)

{¶ 22} Appellant argues that the date listed for the hearing, i.e., June 20, 2012, on the notice of decision for the "08" case is evidence that the "08" case was heard, or

reheard, on that date. (Appellant's Brief, 12.) The appellees counter that the date on the notice of decision was a clerical error, and submitted the affidavit of the Clerk of the Franklin County BOR, LyAnne Brown, in support of this contention. (Brown Aff., ¶ 14.)

{¶ 23} Appellant argues that in order to reach the trial court's conclusion granting the motion for summary judgment, the trial court necessarily weighed the evidence and determined that the information in the Brown affidavit was correct, and the notice of decision and the hearing transcripts were incorrect. Appellant argues that the mere fact that such a determination was made indicates there is a genuine issue of material fact in this case. (Appellant's Brief, 12-13.)

{¶ 24} However, it is not true that the evidence is conflicting on this point. Other than the date on the notice of decision letter, all of the other evidence in the record supports Brown's affidavits statement that the date was a clerical error. For example, the transcript for the hearing for the "08" case indicates that it was held November 15, 2011. (Defendant's Mot. for Summ. Jgmt., Ex. K.) In addition, Stroud states several times that the "08" case "was heard November 15, 2011." (BOR Hearing Tr., 4; 19-20.)

{¶ 25} The "10" case hearing worksheet also does not support Ryan's position that a rehearing on the "07" and "08" cases took place at the June 20, 2012 hearing. The hearing worksheet indicates "Consol 07-900758 and 08-900434 with 10-7247" with a line drawn to "Decision of the Board of Revision." (Defendant's Mot. for Summ. Jgmt., Ex. B.) In other words, the worksheet indicates the three cases were consolidated for decision purposes. This coincides with Stroud discussing "consolidating" all of the cases for "decision." (BOR Hearing Tr., 5.) In this regard, the affidavit of Brown is supported by all of the other evidence in the record.

{¶ 26} The property owner had counsel present at all three hearings. At the June 20, 2012 hearing, the BOR did not ask for evidence for tax years 2007 through 2009. The property owner's counsel did not object to lack of notice or to any improper rehearing or introduction of evidence. In fact, the property owner's attorney did not make one objection at the June 20, 2012 hearing.

{¶ 27} No genuine issue of material fact exists. The evidence clearly indicates that the June 20, 2012 hearing was for BOR case "10" only. The appellant had its opportunity to specifically address the "07" and "08" tax years on earlier dates (April 15, 2009 and

November 15, 2011). Even if one were to consider the June 20, 2012 hearing a rehearing, no prejudice to appellant can be shown as its counsel was present at the hearing and did not object. Generally, a party waives the right to appeal an issue that could have been but was not raised in earlier proceedings. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 144 Ohio St. 3d 549, 2015-Ohio-4837, ¶ 14, and *MacConnell v. Ohio DOC,* 10th Dist. No. 04AP-433, 2005-Ohio-1960, ¶ 21.

{¶ 28} After a thorough review of the record, we find that the notice to the June 20, 2012 hearing involving the "10" case was proper and the BOR had jurisdiction. We also agree with the trial court that no rehearing of the "07" and "08" cases occurred. Even if such rehearing occurred, Ryan's predecessor MLQ was represented by counsel at the hearing and did not object, thereby waiving any objection. As such, Ryan's first assignment of error is overruled.

## V. SECOND ASSIGNMENT OF ERROR—FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

{¶ 29} Ryan's second assignment of error alleges that the court erred in holding that Ryan failed to exhaust administrative remedies because the BOR lacked jurisdiction due to lack of proper notice. In light of our holding above that notice was proper, we disagree with appellant.

{¶ 30} The doctrine of exhaustion of administrative remedies requires that relief must be sought by exhausting an administrative remedy provided by statute before the courts will act. *Basic Distrib. Corp. v. Ohio Dept. of Taxation,* 94 Ohio St.3d 287, 2002-Ohio-794. The purpose of the doctrine is to permit an administrative agency to apply its special expertise and develop a factual record without premature judicial intervention. *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109 (1990).

{¶ 31} Ohio statutes provide an avenue of appeal from BOR decisions. R.C. 5717.01 provides that:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code.

R.C. 5717.05 provides that:

> As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code.

{¶ 32} Despite having received decision letters pursuant to R.C. 5715.20(A), appellant did not file an appeal pursuant to either R.C. 5717.01 or 5717.05. Instead, appellant commenced this lawsuit almost two years after having received the decision letters. MLQ failed to timely file an appeal of the BOR's decision. This fact is fatal to appellant's appeal as the common pleas court correctly stated. (Decision, 4.) As such, appellant's second assignment of error is overruled.

## VI. DISPOSITION

{¶ 33} Based on our de novo review of the facts and the relevant law, we agree with the trial court. Appellant did not meet its burden to come forward with specific facts demonstrating that there is a genuine issue of material fact for trial. Having overruled Ryan's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————————