[Cite as *Ditech Fin., L.L.C. v. Global Capital Partners*, 2018-Ohio-1998.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ditech Financial, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-470 |
| v. | : | (C.P.C. No. 16CV-6013) |
| Global Capital Partners et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

---

D E C I S I O N

Rendered on May 22, 2018

---

**On brief:** *Lerner, Sampson & Rothfuss*, *Rick D. DeBlasis* and *William P. Leaman*, for appellee.

**On brief:** *McGeorge Legal Services, LLC*, and *Anthony McGeorge*, for appellant Global Capital Partners.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Global Capital Partners, LLC ("Global"), appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to plaintiff-appellee, Ditech Financial, LLC ("Ditech"). For the following reasons, we affirm that judgment.

{¶ 2} CitiMortgage, Inc., the original plaintiff in this case, filed a complaint in foreclosure on June 24, 2016. In the complaint, CitiMortgage alleged that June Strickland had entered into a note, which was secured by a mortgage on property located at 2376 Marcia Drive in Columbus, Ohio. CitiMortgage asserted that it had possession of the note,

a default on the note had occurred, it had performed all the conditions precedent set forth in the note and mortgage, and it had accelerated the debt owed. CitiMortgage did not seek a personal judgment for breach of the note because Strickland had died on June 3, 2015. Instead, CitiMortgage requested only that the trial court foreclose on the mortgage, sell the property, and pay it out of the proceeds of the sale. CitiMortgage named Global as a defendant in the foreclosure action because, as trustee of the 2376 Marcia Drive Trust, Global was the property's titleholder at the time CitiMortgage filed suit.

{¶ 3} Approximately four months after filing its complaint, CitiMortgage moved for an order substituting Ditech as plaintiff. CitiMortgage represented in its motion that Ditech had become the holder of the note and mortgage executed by Strickland. In an order dated October 18, 2016, the trial court granted CitiMortgage's motion and substituted Ditech as plaintiff in place of CitiMortgage.

{¶ 4} On November 7, 2016, Ditech achieved service of the complaint and summons on Global. Global filed an answer to the complaint 29 days later, on December 6, 2016.

{¶ 5} On January 23, 2017, Global moved for an order requiring the parties to participate in mediation. Global also requested that the trial court stay the proceedings until the completion of mediation. The trial court granted Global's motion in an order dated February 9, 2017.

{¶ 6} Mediation occurred on March 30, 2017. In an order issued that same date, the magistrate overseeing the mediation reported that the parties were unable to reach a settlement.

{¶ 7} Ditech moved for summary judgment in its favor on March 31, 2017. Global did not respond with a memorandum in opposition to Ditech's motion. Rather, Global filed a Civ.R. 56(F) motion asking the trial court to refuse Ditech's motion or, alternatively, to grant Global additional time in which to conduct discovery. Global informed the trial court that it needed 60 additional days in order to complete discovery and respond to Ditech's motion for summary judgment.

{¶ 8} On June 5, 2017, the trial court issued a judgment denying Global relief under Civ.R. 56(F) and granting Ditech summary judgment. Global now appeals that judgment, and it assigns the following error:

> The Trial Court abused its discretion by granting Appellee's Motion for Summary Judgment because there were genuine issues of fact and Appellee was not entitled to judgment as a matter of law; furthermore, Appellant was not afforded adequate due process.

{¶ 9} We will first address Global's contention that the trial court did not afford it adequate due process. In the argument section of its brief, Global asserts that it "was not afforded an opportunity to defend its interests in the Property as the Trial Court did not permit Appellant an adequate opportunity to determine the validity of Appellee's claims." (Appellant's Brief at 7-8.) Global does not state that the trial court's refusal to provide an "adequate opportunity" for discovery constitutes the violation of due process it advances in its assignment of error. Global, in fact, fails to mention due process at all in its argument. However, the assertion that Global lacked an adequate opportunity for discovery is the only contention in the brief that we can correlate to the due-process error alleged in the assignment of error. Accordingly, we will analyze whether the trial court contravened due process when it denied Global's request for additional time in which to conduct discovery.

{¶ 10} We find no error in the trial court's ruling for two reasons. First, we reject Global's assertion that the trial court deprived it of an adequate opportunity to conduct discovery. According to the original case schedule, the discovery cut-off date was April 14, 2017. Global answered the complaint on December 6, 2016, so Global had four months in which to conduct discovery. For the first two months, Global did not pursue any discovery method. Then, despite its inactivity, and with knowledge of the looming discovery cut-off date, Global moved for a stay of proceedings in conjunction with seeking mediation. Only when Ditech's motion for summary judgment caught Global flat-footed, did Global ask for a 60-day extension of the discovery period. Global ignores that it could have used the 64 days between December 6, 2016 (the date it filed its answer) and February 9, 2017 (the date the stay began) to conduct the discovery. Global also ignores that it made the strategic decision to ask for a stay, which truncated the remaining discovery period. In short, Global squandered its opportunity for discovery, and it cannot blame the trial court for its shortcomings.

{¶ 11} Second, the denial of additional time to conduct discovery does not rise to the level of a due process violation because " '[t]here is no general constitutional right to

discovery.' " *Midland Steel Prods. Co. v. Internatl. Union, United Auto., Aerospace and Agricultural Implement Workers, Local 486*, 61 Ohio St.3d 121, 131 (1991), quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (concluding that a trial court's denial of a continuance in which to conduct discovery did not deprive the appellants of any due process rights). The Ohio Rules of Civil Procedure—not the Ohio or United States Constitutions— enable parties to conduct discovery and set the parameters applicable to the discovery process in civil cases. Global, however, does not assert in its assignment of error that the trial court's denial of additional discovery contravened the Ohio Rules of Civil Procedure. Consequently, we do not consider that issue. *See* App.R. 12(A)(1)(b) (stating that courts of appeal "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs"). On the alleged constitutional error set forth in the assignment of error, we conclude that Global lacks any legal basis for reversal.

{¶ 12} Next, Global argues that the trial court erred in granting Ditech summary judgment.[1] We disagree.

{¶ 13} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the

---

[1] Global actually states in its assignment of error that the trial court *abused its discretion* in granting Ditech summary judgment. Appellate courts review judgments granting summary judgment de novo, not under the abuse-of-discretion standard. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. However, we will overlook Global's error in relying on the wrong standard of review and, instead, consider whether the trial court erred in granting summary judgment.

record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

{¶ 15} To support a motion for summary judgment in a foreclosure action, the plaintiff must present evidentiary quality materials establishing: (1) the plaintiff is the holder of the note, or a person entitled to enforce the note, and the holder of the mortgage; (2) if the plaintiff is not the original mortgagee, the chain of transfers and assignments; (3) the debt is in default; (4) all conditions precedent are met; and (5) the amount of the principal and interest due. *Green Tree Servicing LLC v. Asterino-Starcher*, 10th Dist. No. 16AP-675, 2018-Ohio-977, ¶ 33; *HSBC Bank USA, NA v. Webb*, 10th Dist. No. 16AP-845, 2017-Ohio-9285, ¶ 9.

{¶ 16} Here, Ditech relied on the affidavit of Henri Berberi, a Ditech document execution representative, and various documents to establish the evidentiary requirements for foreclosure. Berberi testified that, on September 24, 2003, Strickland executed and delivered to ABN AMRO Mortgage Group, Inc. ("ABN AMRO") a note in the amount of $61,600. Strickland also executed a mortgage to secure the note. ABN AMRO endorsed the note in blank and recorded the mortgage with the Franklin County Recorder.

{¶ 17} In September 2007, ABN AMRO merged with CitiMortgage. CitiMortgage possessed the note when the complaint in foreclosure was filed on June 24, 2016. However, after CitiMortgage filed for foreclosure, it transferred the note and assigned the mortgage to Ditech. When Berberi executed his affidavit on March 30, 2017, Ditech was in possession of the note.

{¶ 18} According to the payment history report attached to Berberi's affidavit, no payments were made on the mortgage loan after June 2015. On or about August 31, 2015, CitiMortgage mailed a notice of default to Strickland's estate. When the estate did not make

payments to bring the loan current or cure the default, CitiMortgage accelerated the account, making the entire balance due. Thus, the amount outstanding on the note was $49,404.92 in principal, plus interest at the rate of 6.1250 percent per year from June 1, 2015.

{¶ 19} Based on Berberi's affidavit testimony and the documents adduced, we conclude that Ditech satisfied the requirements for foreclosure and established its entitlement to summary judgment. Global asserts that genuine issues of material fact remain, but it fails to point to any conflicting evidence to demonstrate the alleged issues of fact. Global also attacks Berberi's competency to testify to the matters contained in his affidavit. Global argues that Berberi failed to (1) provide sufficient information regarding his job responsibilities to establish his personal knowledge, (2) show he was competent to qualify the documents attached to his affidavit as business records, and (3) compare the copy of the note to the original. Global, however, did not raise these three arguments below. Therefore, Global has waived the arguments on appeal, and we do not address them. *See Columbus City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 549, 2015-Ohio-4837, ¶ 14 (holding that a party waives the right to appeal an issue that the party could have, but did not, raise in earlier proceedings); *Nationstar Mtge., LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 22 ("[A] party who fails to timely argue to the trial court that an affiant lacks personal knowledge waives that argument on appeal.").

{¶ 20} In sum, we conclude that the trial court did not err in denying Global relief under Civ.R. 56(F) or in granting Ditech summary judgment. Accordingly, we overrule Global's assignment of error.

{¶ 21} For the foregoing reasons, we overrule the sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

———————————