[Cite as *Mullinix v. Mullinix*, 2022-Ohio-3398.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Logan E. Mullinix, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 21AP-206 |
| v. | : | (C.P.C. No. 17DR-399) |
| Pamela R. Mullinix, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on September 27, 2022

_____

**On brief:** *David K. Greer*, for appellant. **Argued:** *David K. Greer*.

**On brief:** *Logan E. Mullinix*, pro se. **Argued:** *Logan E. Mullinix*.

_____

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Pamela R. Mullinix, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch overruling her motion for Civ.R. 60(B) relief and granting the oral motion of her ex-husband, plaintiff-appellee, Logan E. Mullinix, to dismiss the Civ.R. 60(B) motion pursuant to Civ.R. 41(B)(2).

{¶ 2} Pamela and Logan Mullinix were married in 1988 in Tennessee and have two children. Logan filed for divorce in Franklin County in 2017, and an uncontested decree of divorce, including property division, was entered on May 11, 2018. Pamela filed a motion for relief from judgment on May 13, 2019, arguing that Logan misrepresented the value of his personal property either in the decree itself or in a separate contempt action in which he alleged in a contempt motion that Pamela has refused to return to him. The divorce

decree states that "[Logan] shall be entitled to recover any of his tools and musical equipment in [Pamela]'s possession."  Pamela contends that prior to her approval of the agreed decree, Logan estimated the worth of the "tools and musical equipment" at approximately $20,000.00 but now claims they have an estimated value of $121,495. She argues that if she had been aware of that higher value, she would not have agreed to the property division.

{¶ 3}   Pamela's motion was filed by her former counsel on May 13, 2019, and after a few continuances, was set for hearing on August 27, 2020.  But on that date, Pamela's counsel was permitted to withdraw because of a conflict with his client.  The hearing was continued again, and ultimately did not occur until April 2, 2021.  Pamela was apparently unable to obtain new counsel by that date, and instead proceeded on the motion pro se.

{¶ 4}   At the outset of the hearing, the court specifically addressed Pamela and clarified what subjects it would consider at the hearing:

> There is basically one issue with respect to this 60(B), and that relates to your 60(B) that says Logan did not disclose $121,495,000 [sic] worth of personal property at the time of the negotiated settlement.
>
> That's your burden to prove today, to show whether or not that information rises to the level of a 60(B).

(Tr. at 9.[1])

{¶ 5}   In her hearing testimony, Pamela stated that prior to the divorce Logan had valued the "tools and musical equipment" alleged to be in her possession at approximately $20,000, but after the decree was entered Logan claimed in a contempt motion that the tools and musical equipment were worth approximately $121,495. Her primary documentary evidence consisted of (1) Logan's affidavit of property filed February 2, 2017 and prepared as part of his initial disclosures in the case, and which approximated the value of his "equipment" at $20,000, (*see* Def. Pamela Mullinix's Ex. C), (2) an email sent by Logan's former counsel after the decree was signed, itemizing the musical instruments and equipment allegedly in Pamela's possession and assigning them an alleged "total replacement cost estimate" of $121,495, (*see* Def. Pamela Mullinix's Ex. D at 1-3), and (3) a

---

[1]The parties agreed at the hearing and on appeal that the alleged nondisclosure was in the amount of approximately $121,495.00, not $121,495,000.00.

"marital balance sheet" prepared prior to the decree that listed the value of "business tools and machinery" at $20,000. (*See* Def. Pamela Mullinix's Ex. R at 3.)

**{¶ 6}** But during Pamela's cross-examination, Logan's attorney confronted her with her answer to a pre-trial interrogatory, in which she asserted that Logan had "Music equipment purchased over the last 9 +/- years-spent in excess of $100,000.00." (*See* Pl. Logan Mullinix's Ex. 7 at Interrogatory No. 12.)  She testified:

> Q:  So I would like to turn to Exhibit 7. If it helps, the front page looks like this.
>
> Pam, is it fair to say these are your discovery responses from what I had requested during litigation in the original divorce?
>
> A:  Yes.
>
> Q: Can you please turn to the last page of Exhibit 7? Is that your signature on that page?
>
> A:  Yes.
>
> Q:  And if you can turn in the exhibit to Interrogatory Number 12, it should be, I believe, on page 5, although I don't think I have the pages numbered.
>
> A:  I don't have the page numbers. All right. 12.
>
> Q:  In that exhibit, I'd asked you to identify and describe any and all items of property which you believe plaintiff presently had in his possession which you thought were worth more than $50 or greater and the amount you believe they were worth. Correct?
>
> A:  Correct
>
> Q:  If you turn to the next page as part of your answer, you answered, Music equipment, purchased over the last nine plus-or-minus years, spent in excess of $100,000.
>
> A.  Correct.
>
> Q. So prior to signing the decree, you knew that this music equipment existed, correct?
>
> A. I knew he said it existed. The value of it, I don't know. Where the money came from to purchase it, I don't know. We didn't have that kind of excess.

THE COURT:  Remember, just answer his questions.

Q:  So prior to signing the decree, you stated your belief that those items were worth hundred thousand dollars, or -- I'm sorry. Let me correct myself.

You stated that you believe that he had spent in excess of a hundred thousand dollars purchasing that equipment, correct?

A:  Correct. Based on - - based on what Logan said.

Q:  If we turn three pages forward to Interrogatory Number 20, you reiterated a little over halfway through your response to Interrogatory 20 that Logan had purchased—sorry, large amounts of music equipment purchased over the last five to seven years, spent in excess of $100,000.

So twice, you acknowledge your belief that those items had a purchase cost of over a hundred thousand dollars, correct?

A:  Correct.

(Tr. at 63-65.)

{¶ 7}    At the conclusion of testimony, the court accepted all of Pamela's exhibits into evidence.  It proceeded to hear Pamela's objections to Logan's exhibits numbered 4, 5, and 6:

THE COURT:  Exhibit 4, do you have an objection to Exhibit 4?

MS. MULLINIX:  Is this John's Exhibit 4?

THE COURT:  This is John's Exhibit 4, uh-huh. Let's see if I can help you. Exhibit 4 is one of the balance statements that you testified that you found in your basement and you gave to [the court's forensic accountant]. Any objection to Exhibit 4?

MS. MULLINIX:  I do object on the grounds that it still does not prove that anything existed, in actuality. It proves that there is a spreadsheet. There is no proof of actual purchase or existence.

THE COURT:  All right. Noting your objection, Exhibit 4 will be admitted.

> Exhibit 5 is another one of those I'll call it an itemization that you testified you found in your basement and you gave to [the court's forensic accountant].
>
> Is there any objection to Exhibit 5?
>
> MS. MULLINIX: Same objection, Your Honor. It doesn't prove that items exist or their value.
>
> THE COURT: All right. Noting the objection, Exhibit 5 will be admitted. Exhibit 6 is the email chain between [Pamela's trial attorney] and [the court's forensic accountant] and [Logan's trial attorney] back in 2018.
>
> Any objection to that exhibit?
>
> MS. MULLINIX: I'm sorry. That's exhibit what number?
>
> THE COURT: Exhibit 6, ma'am.
>
> MS. MULLINIX: I object to that exhibit on the grounds that it still doesn't prove anything. There is emails going back and there is accusations and proof. But there is still no proof of what existed when, if it was -- if it was -- anything was even actually purchased; what was purchased; where it was; what the value was at one time versus another.
>
> THE COURT: Okay. Noting your objection, Exhibit 6 will be admitted.

(Tr. at 127-29.) The court proceeded to ask Logan's counsel had any "motion on behalf of the defendant," who then requested "summary judgment on the issue * * *." *Id.* at 131. The court suggested that counsel may have meant to make "a motion for dismissal of the action pursuant to Civil Rule 41(b)(2)," and counsel agreed that was what was intended. *Id.* at 132. The court proceeded to explain Civ.R. 41 to Pamela, and then stated that the "motion for 41 dismissal is granted."

> [That] means I'm dismissing your motion for 60(B) re1ief. You have not shown on the facts and the law presented a right to relief.
>
> You signed an agreed entry by your own testimony and evidence. You had significant knowledge of significant assets that may or may not have existed that you waived your right to by virtue of going forward in your settlement.

> I will take the matter of fees under advisement. Thank you. You are dismissed.

*Id.* at 133. The court prepared an entry memorializing its decision and this timely appeal followed, in which Pamela has asserted four assignments of error with the judgment:

> **Assignment of Error No. I:** The trial court erred in admitting Plaintiff's Exhibits 4 and 5, which were not authenticated, and also hearsay.
>
> **Assignment of Error No. II:** The trial court erred in admitting Plaintiff's Exhibit 6 which was hearsay.
>
> **Assignment of Error No. III:** The trial court erred in admitting Plaintiff's Exhibit 6 because it effectively made counsel a witness, who was not subject to cross-examination.
>
> **Assignment of Error No. IV:** The trial court erred in dismissing appellant's Civil Rule 60(B) motion by construing divorce decree as a valid, final agreement as to the disposition of all property issues including the equipment.

For ease of review, we have reordered Pamela's assignments of error, and will begin by addressing her fourth alleged error. First, we observe that Pamela asserts that her motion was proper under multiple Civ.R. 60(B) subsections—specifically (1) (mistake, inadvertence, surprise or excusable neglect), (3) (fraud or misconduct by an adverse party), (4) (equity suggests that the judgment should not have prospective application), and (5) (any other reason justifying relief). We must therefore analyze the validity of that claim, and determine which subsections of the rule, if any, are appropriate to these facts.

**{¶ 8}** In *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, this court addressed allegations factually similar to those Pamela advances here, and reviewed a Civ.R. 60(B) decision based on the allegation that one of the parties to a divorce had made financial misrepresentations that were "relevant to the determination of his income and the division of the marital property." *Id.* at ¶ 9.

> To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc.*

*v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

* * *

In *Scholler v. Scholler*, 10 Ohio St.3d 98, 10 Ohio B. 426, 462 N.E.2d 158 (1984), the Supreme Court of Ohio considered whether a fraud upon the court occurred based on an ex-wife's allegation that her ex-husband fraudulently withheld critical financial information and misrepresented his financial status during negotiation of a separation agreement. The court defined "fraud upon the court" "as the situation '[w]here an officer of the court, e.g., an attorney * * * actively participates in defrauding the court * * *.' " *Id.* at 106, quoting Coulson at 15. Because the ex-wife alleged that the adverse party—not an officer of the court—had committed the fraud at issue, the court concluded that the ex-wife had not established fraud upon the court. *Id.*

Subsequently to *Scholler*, multiple Ohio courts, including this court, have concluded that, if the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment.

* * *

Here, the trial court concluded that Roubanes committed a fraud on the court because he misrepresented his income for 2008 and 2009 in affidavits that he submitted to the court. *We will assume, without deciding, that the trial court correctly found that Roubanes engaged in fraud by falsely testifying about his income. Therefore, the issue becomes whether Roubanes committed fraud on the court, or on Luke. We conclude that Roubanes' false testimony constituted fraud on Luke. Roubanes' fraud is the kind of fraud either rooted out through the adversary process or corrected post-judgment through the application of Civ.R. 60(B)(3).*

(Emphasis added.) *Id*. at ¶ 21-27. Here, Pamela has alleged that Logan misrepresented the value of the tools and musical equipment in her possession, and that his misrepresentations induced her to accept his proposed property settlement and agree to an uncontested divorce. In accordance with *Luke*, we conclude that Pamela's motion must be based on Civ.R. 60(B)(3) (fraud or misconduct by an adverse party), and we analyze her claims on that basis.

{¶ 9} Pamela has repeatedly implied that this appeal is about whether or not the tools and equipment that Logan claimed she possessed were actually in her possession after the decree was entered, or if they even in fact exist. But that claim is not one of fraud by an adverse party, and would therefore be presented in a domestic contempt motion. Rather, this appeal turns solely upon whether evidence shows that Logan committed a fraud on Pamela by listing the alleged value of those "tools and equipment" at $20,000 in his initial disclosure of property, but as $121,495 in his post-judgment correspondence and pleadings.

{¶ 10} There is no evidence that the items in question have been appraised. And while it is true there is a disconnect between the estimated worth of the items as described in Logan's property affidavit and his subsequent claims regarding "replacement value," there is also indisputable evidence that Pamela herself estimated the value of at least a portion of that property at over $100,000 before she signed the divorce decree. For that reason alone, she cannot prevail on her Civ.R. 60(B) claim. And while it is true that the trial court technically dismissed Pamela's motion pursuant to Civ.R. 41(b)(2) rather than denying it (based "on the ground that upon the facts and the law the plaintiff has shown no right to relief"), that is distinction without a practical difference here. Because Pamela herself admitted that she was aware of the alleged cost or value of the items as in excess of $100,000 prior to entering into the uncontested divorce, she cannot now claim that she relied upon Logan's allegedly fraudulent valuation of the items at $20,000 when she accepted the divorce. Accordingly, the trial court correctly determined that the evidence established that Pamela was unable to prove her claims, and her fourth assignment of error is overruled.

{¶ 11} In her first, second, and third assignments of error, Pamela argues that the trial court erred by admitting and relying upon inadmissible evidence in reaching its decision on the merits of her Civ.R. 60(B) motion. She claims that some of the exhibits

were both unauthenticated and inadmissible hearsay, and that another exhibit was both hearsay and could only be authenticated by counsel, causing counsel to act as a witness in the case.

{¶ 12}  We again find *Luke* to be instructive in addressing her contentions:

> Generally, a party waives the right to appeal an issue that the party could have, but did not, raise before the trial court. *Columbus City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 549, 2015-Ohio-4837, ¶ 14, 45 N.E.3d 968; *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34, 912 N.E.2d 595. Because Luke did not argue before the trial court that Roubanes was, in effect, an officer of the court, she waived that argument on appeal. This court, therefore, need not consider Luke's argument.

*Id*. at ¶ 29.  Pamela did not present her authentication, hearsay, and "attorney-as-witness" arguments set forth in these assignments of error to the court below.  (*See* Tr. at 126-29.) Our examination of the hearing transcript reveals that she did not challenge the admission of the exhibits, but rather, she argued that the exhibits could not establish the truth of the values that they claimed, or that the tools and musical equipment existed.  The trial court accepted her arguments, "noted" them for the record, and received the exhibits into evidence.  Because Pamela has raised her arguments for the first time in this court, they are forfeited.

{¶ 13} Moreover, just as in *Luke*, "even had [appellant] not waived her argument, she cannot prevail on it."  *Luke* at ¶ 30.  There is nothing in the record or in the court's judgment entry to suggest that the trial court accepted the valuations proposed in any of the exhibits. All three of the exhibits were used primarily during Pamela's cross-examination, and for a good reason—the factual question of the *actual* value of the tools and musical equipment was not at issue.  Rather, as indicated above in our discussion of Pamela's fourth assigned error (and as the court specifically stated at the commencement of the hearing) there was "one issue with respect to this 60(B)," that "*Logan did not disclose* * * * personal property at the time of the negotiated settlement."  (Emphasis added.)  (Tr. at 9.)  It is clear from the record that all three exhibits were permissibly used to establish only that Pamela knew (or had reason to suspect) that the items were claimed to exist and

that the claimed value of those items was greater than $20,000 at the time she entered into the divorce decree.

{¶ 14} We must reiterate that all three of the exhibits were admitted subject to her general objections that they did not prove that the items existed or had any specific value. (Tr. at 126-29.)  The issue before the court was *disclosure*, not value of property, and Pamela's own pre-decree interrogatories established her knowledge of the claimed existence and costs of that property.  And because Pamela knew or had reason to suspect that the value of the "tools and equipment" was greater than $20,000, she cannot establish that she was defrauded and is therefore not entitled to Civ.R. 60(B) relief.  Pamela's first, second, and third assignments of error therefore lack merit and are overruled.

{¶ 15} For these reasons, Pamela's assignments of error are overruled, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch denying her motion for Civ.R. 60(B) relief.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.