[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Oak View Properties, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-786.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-786

OAK VIEW PROPERTIES, L.L.C., APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Oak View Properties, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-786.]

*Taxation—Because the board of education did not advance its argument for setting aside the board of revision's reductions at the Board of Tax Appeals, it was not error for the Board of Tax Appeals to retain the board of revision's reduced valuations—Decision affirmed on the authority of* Columbus City Schools Bd. of Edn. v. Franklin Cty Bd. of Revision.

(No. 2014-1025—Submitted October 13, 2015—Decided March 3, 2016.)

APPEAL from the Board of Tax Appeals, Nos. 2013-4286 and 2013-4368.

_____

**Per Curiam.**

{¶ 1} In this appeal, appellant, Columbus City Schools Board of Education ("BOE"), asserts that the Board of Tax Appeals ("BTA") erred by affirming the reduced valuations ordered by appellee Franklin County Board of Revision ("BOR"). The BOE asks that we reverse the BTA's decision and reinstate the original valuations found by the county auditor. In *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2015-Ohio-4837, ___ N.E.3d ___, we recently confronted similar claims in an appeal by the BOE, and we rejected them because the BOE had not raised and preserved those claims before the BTA. The same is true in this case, and we therefore affirm the decision of the BTA based on the authority of *Columbus City Schools Bd. of Edn.*

**Background**

{¶ 2} At issue in this appeal is the value for tax year 2012 of four residential properties acquired by appellee Oak View Properties, L.L.C., from the United States Department of Housing and Urban Development ("HUD") to use as rental properties. The property owner urged the BOR to adopt the sale prices as the property values. The BOE urged retention of the auditor's original valuations.

{¶ 3} The BOR ordered reductions based not on the proferred sale prices but on other unspecified area sale prices and rents. The specifics of what evidence was relied upon and how the computations were performed were not included in the record. The result was that for each property the new valuation lay between the original auditor's valuation and the sale price.

| Address: | Auditor: | Sale Price: | BOR: |
| --- | --- | --- | --- |
| 2612 Carbondale Pl. | $81,600 | $33,000 | $60,000 |
| 5123 Jameson Dr. | $84,200 | $30,500 | $66,000 |
| 2615 Dellworth St. | $81,400 | $28,000 | $61,900 |
| 3050 Whitlow Rd. | $86,400 | $25,133 | $65,700 |

**{¶ 4}** The owner appealed to the BTA, seeking further reduction, and the BOE cross-appealed, seeking reversion to the auditor's valuation. The record contains only the owner's notice of appeal to the BTA, dated September 11, 2013, the BOE's notice of cross-appeal, dated September 17, 2013, the transcript certified to the BTA by the BOR, and the BTA's decision, dated May 21, 2014.

**{¶ 5}** The BTA noted in its decision that the HUD sale prices were properly rejected as the basis for valuation, and it also rejected the HUD appraisals as evidence of the value of the properties. Because the owner had not shown the propriety of a lower valuation, the BTA retained the BOR's reduced valuations of the property. BTA Nos. 2013-4286 and 2013-4368, 2014 Ohio Tax LEXIS 3019 (May 21, 2014), 3-4.

**{¶ 6}** The BTA made no mention of any arguments by the BOE in its decision. The decision refers to a "record of hearing before this board," but it appears that no hearing was held and that no briefs were filed. Accordingly, the BOE failed to pursue its cross-appeal by advancing arguments in support of its position.

**{¶ 7}** The BOE has now appealed to this court, asserting as error that the BTA did not set aside the BOR reductions and revert to the auditor's original valuations.

### UNDER *COLUMBUS CITY SCHOOLS BD. OF EDN. V. FRANKLIN CTY. BD. OF REVISION*, THE BTA DECISION IS AFFIRMED

**{¶ 8}** In this case, the BOE filed a notice of appeal from the BOR to the BTA after the property owner had filed its notice of appeal. In that notice of appeal, the BOE sought to set aside the BOR's reductions and revert to the auditor's original valuation—but it did so solely by setting forth, as the form prescribed, the value sought on appeal. The notice of appeal set forth no explanation why the BOE was entitled to that relief. Nor does the record indicate

that there was any other filing, such as a brief, that explained the grounds for the BOE's appeal.

**{¶ 9}** But no arguments for reversing and reinstating the auditor's valuation were advanced to the BTA. Thus, as we stated in *Columbus City Schools Bd. of Edn.*, ___ Ohio St.3d ___, 2015-Ohio-4837, ___ N.E.3d ___, at ¶ 15, "[b]ecause the BOE did not advance its argument for setting aside the BOR's reductions at the BTA, we find that it was not error for the BTA to retain the BOR's reduced valuations." We therefore affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., and Mark Gillis, for appellant.

_____