Per Curiam.
{¶ 1} This is an appeal from a decision of the Board of Tax Appeals (“BTA”), which affirmed the tax commissioner’s assessment of Ohio individual income tax against appellants, Robert G. and Leslie R. Krehnbrink, for tax years 2002 through 2007. The assessments resulted from information supplied to the tax commissioner by the Internal Revenue Service, in particular the Ohio address used by the Krehnbrinks as their residential address on their federal tax returns.
*130 {¶ 2} For the years at issue, the Krehnbrinks originally filed no Ohio returns at all. The Krehnbrinks have contended that income was earned outside Ohio, but if they are in fact residents and domiciliaries of Ohio, they would be generally taxed on all their income, subject to a credit for income taxes paid to other states on income earned in those other states.
{¶ 3} Beginning in the proceedings before the BTA, the tax commissioner’s counsel clarified that the assessments were predicated on the unrebutted presumption that the Krehnbrinks are in fact Ohio residents and domiciliaries, even though the tax commissioner’s notices and final determination did not say so. It appears that the Krehnbrinks take the position that they should prevail if they can show that income was earned outside Ohio. But as residents of Ohio, they would be taxed on out-of-state income as a general matter.
{¶ 4} On appeal here, the Krehnbrinks renew their contention that income was earned outside Ohio and they challenge, for the first time, the admission of five exhibits introduced by counsel for the tax commissioner during the November 13, 2013 hearing before the BTA. Despite the tax commissioner’s initial failure to give notice of his reliance on the presumption of Ohio residency, we disagree that appellants have demonstrated a legal error or an abuse of discretion by the BTA. Accordingly, we affirm the decision of the BTA.
FACTUAL BACKGROUND
{¶ 5} The procedural starting point of this case consists of a letter from the tax department to both the Krehnbrinks dated January 8, 2010, stating that the department’s records “indicate Ohio individual income tax return(s) were not filed in [their] name(s) for [tax] years [2002 through 2006].” The letter went on to state:
The Internal Revenue Service (“IRS”) has provided to us taxpayer information that we use to verify our records. Specifically, the IRS has provided us information that shows you have received 1099 miscellaneous income from various Ohio payer(s) * * *. It is urgent you respond to this letter by reading the situations described below and taking the appropriate action.
The letter then described two options for responding: filing the missing returns or offering reasons why no returns were required to be filed.
{¶ 6} Notably absent from this initial communication is any statement that the Krehnbrinks were presumed to be domiciled in Ohio, which would form the basis *131 for presuming that all their income for the years at issue should have been reported and taxed. That presumption would naturally have arisen from the use of a Cincinnati, Ohio, address as the residential address listed on their federal tax returns.
{¶ 7} Next, the tax department prepared and issued assessments against the Krehnbrinks for unpaid Ohio individual income taxes.[1] The record shows the computation of tax for five of the six tax years at issue (2002 through 2006) in the form of “Audit Chang[e]” sheets, also referred to as “correction notices.” The state then computed Ohio income tax based on the federal adjusted-gross-income figure reported on the federal returns for the years at issue. The total tax, interest, and penalty assessed for tax years 2002 through 2006 was $25,034.
{¶ 8} The correction notices were sent to the Krehnbrinks on or about March 18, 2010, with the demand that by April 8, the Krehnbrinks “provide proof that the taxes were previously paid, provide wage statements (W-2’s, 1099’s, etc.) that would change the proposed correction notices, or * * * remit the balance due.”
{¶ 9} An apparent lack of response by the Krehnbrinks led to the issuance of two assessments. One was issued on April 26, 2010, for tax year 2007, imposing liability of $1,778.91 in tax, interest, and penalty. The second assessment covered tax years 2002 through 2006, based on the correction notices, and was issued on May 5, 2010. The total owed on the second assessment was $25,123. The certified mailing was apparently unsuccessful, and follow-up service by regular mail became necessary.
{¶ 10} By letter dated August 31, 2010, the Krehnbrinks petitioned for reassessment, stating four grounds for relief, including the claim that “[assessed incomes were earned outside of the State of Ohio and are not subject to State of Ohio income tax,” with no mention of Ohio residency. Next, an official of the tax department’s Office of Chief Counsel contacted the Krehnbrinks by letter dated February 14, 2012, asking for evidence or authority in support of their position, to be submitted by March 30, 2012.
{¶ 11} The tax commissioner issued his final determination in the matter on May 22, 2012. The determination states that the Krehnbrinks were assessed “for fading to file their individual income tax returns for [tax years 2002 through 2007]” and notes that the Krehnbrinks “contend that their income was earned outside of the State of Ohio arid should not be subject to Ohio income tax”:
*132 However, [the Krehnbrinks] did not respond to multiple Department requests for information to verify their contention. The [Krehnbrinks] have failed to present evidence to refute the accuracy of the tax, interest and penalty amounts assessed in these matters. Therefore, [the Krehn-brinks’] objection is not well taken.
Accordingly, the assessments are affirmed.
{¶ 12} Conspicuous in its absence once more is any mention of a presumption of Ohio domicile and residence; indeed, the final determination appears to acquiesce in the Krehnbrinks’ suggestion that proof of a non-Ohio source of income would negate the assessments.
{¶ 13} The Krehnbrinks appealed to the BTA, renewing in their notice of appeal their primary contention that their income was earned outside Ohio. The BTA scheduled a hearing on May 29, 2013, at which the Krehnbrinks did not appear. At that hearing, the then-counsel for the tax commissioner merely stated, “[W]e would like to dismiss for the failure to prosecute, or in the alternative, [the Krehnbrinks] have not provided sufficient documentation to establish that any income that they say shouldn’t be pledged to Ohio was, in fact, earned outside of Ohio.” Again here, the tax commissioner made no reference to predicating the assessment on the Krehnbrinks’ residency but instead focused exclusively on whether income was or was not earned in Ohio.
{¶ 14} The BTA issued an order on June 6, 2013, dismissing the appeal for failure to prosecute. The Krehnbrinks moved for reconsideration on the premise that they had not received notice of the hearing. The BTA granted reconsideration and scheduled a new hearing for November 13, 2013.
{¶ 15} On October 3, 2013, counsel for the tax commissioner sent Robert Krehnbrink an e-mail making clear that the Krehnbrinks’ Ohio residency would be presumed and would serve as a basis for the assessments unless and until the Krehnbrinks provided documentation rebutting the presumption.
{¶ 16} At the November 13 hearing, Leslie Krehnbrink was not in attendance but Robert Krehnbrink was, and he testified concerning her employment. Robert testified that the documentation he had submitted to the BTA showed that Leslie worked outside Ohio during the tax years at issue. He stated at the hearing that she was a corporate trainer hired by companies to provide training sessions for middle and upper management. Robert further stated that other documentation of the out-of-state locations where Leslie had resided was no longer in existence.
{¶ 17} Robert Krehnbrink admitted that the documentation he had submitted showed that some of Leslie Krehnbrink’s work was performed in Ohio. Further, Robert stated his view that this Ohio-sourced income was subject to Ohio income *133 tax. But the Krehnbrinks did not quantify how much income was earned in Ohio and how much was earned outside the state. The documentation that Robert submitted to the BTA consists of printouts of the Krehnbrinks’ form 1099 information for tax years 2002 through 2006 and a portion of the Krehnbrinks’ W-2 form for tax year 2007. The documents often show the location of a payor, but they do not on their face show the location at which work was performed.
{¶ 18} Robert Krehnbrink offered no evidence to controvert the tax commissioner’s position on Ohio residency; indeed, he admitted that Leslie Krehnbrink “comes back to Ohio” to reside when she has completed a particular assignment. For his part, the tax commissioner introduced without objection what counsel summarized as “a printout from the public records information available on Westlaw for Mr. Krehnbrink’s wife,” which “shows real property records for various years, vehicle registrations for years, and addresses in Ohio, voter registration information, so a lot of the common law information that’s used for determining whether an individual is a resident or a nonresident.” That information — reflecting an Ohio home with a mortgage, Ohio auto registrations, and an Ohio voting registration — was offered to establish an affirmative case that the Krehnbrinks were domiciled in Ohio.
{¶ 19} The BTA issued its decision on January 15, 2014. The board recited the presumption of validity attaching to the tax commissioner’s determinations and held in effect that the Krehnbrinks had not presented sufficient evidence to rebut that presumption:
Upon review of the record before us, we find that appellants have failed to provide sufficient evidence to demonstrate an error in the commissioner’s final determination. Indeed, the only evidence presented, aside from general testimony devoid of specific details about Ms. Krehnbrink’s employment outside the state, are 1099’s indicating that Ms. Krehnbrink was paid by many entities, both in and out-of-state, during the period in question. We find such evidence insufficient to demonstrate a right to the relief requested.
BTA No. 2012-2368, 2014 WL 351136, *2 (Jan. 15, 2014). Notably, the BTA decision makes no mention of the Ohio-residency issue.
{¶ 20} The Krehnbrinks have appealed.
ANALYSIS
Ohio Taxes Residents on All Income, Nonresidents on Ohio Income
{¶ 21} R.C. 5747.02 imposes Ohio income tax on “every individual * * * residing in or earning or receiving income in this state.” R.C. 5747.02(A). R.C. *134 5747.01(N) defines “taxpayer” as “any person subject to the tax imposed by section 5747.02 of the Revised Code,” and R.C. 5747.08 requires the filing of a return by “every taxpayer for any taxable year for which the taxpayer is liable for the tax imposed by [R.C. 5747.02], unless the total credits allowed * * * for the year are equal to or exceed the tax imposed by section 5747.02 of the Revised Code.” Finally, “resident” applied to an individual means “[a]n individual who is domiciled in this state * * *,” R.C. 5747.01(I)(1), and “nonresident” means “an individual * * * that is not a resident,” R.C. 5747.01(J).
{¶ 22} As for “domicile,” that is “ ‘ “the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined.” ’ ” Cunningham v. Testa, 144 Ohio St.3d 40, 2015-Ohio-2744, 40 N.E.3d 1096, ¶ 12, quoting Schill v. Cincinnati Ins. Co., 141 Ohio St.3d 382, 2014-Ohio-4527, 24 N.E.3d 1138, ¶ 24, quoting Williamson v. Osenton, 232 U.S. 619, 625, 34 S.Ct. 442, 58 L.Ed. 758 (1914).
{¶ 23} In sum, all income of Ohio residents is taxable wherever earned or received, subject to a “resident credit” for amounts of state income tax paid to another state where the income was earned or received. Cunningham at ¶ 10. As for nonresidents, all their income that is earned or received in this state is taxable. Id. A nonresident limits the tax to Ohio income only-by claiming the nonresident credit under R.C. 5747.05(A).
The Krehnbrinks Failed to Prove that They Do Not Have to Pay the Amounts Assessed

The presumption of Ohio residency was not originally mentioned in the tax assessments

{¶ 24} Unfortunately for the goal of sound tax administration, the tax department initially failed to state that it was relying on the presumption of Ohio domicile. Neither the notices received by the Krehnbrinks nor the tax commissioner’s final determination made any mention of a presumption of Ohio domicile, let alone set forth any finding thereof in light of the information in hand. And although it is true that taxpayers are charged with a knowledge of the law, they are not charged with knowledge of what theory of liability the tax commissioner is relying upon, apart from being informed of that theory by the commissioner himself.

The Krehnbrinks did not refute the assessment, either as residents or nonresidents

{¶ 25} At the BTA, the tax commissioner’s counsel attempted to rescue the assessments by identifying Ohio residency as their basis. She introduced into *135 evidence the e-mail she had sent on October 3, 2013, to Robert Krehnbrink, which was admitted after he reviewed it and declined to object to its admission. It reads as follows:
The Tax Commissioner reviewed the information provided and is unable to adjust the assessments based upon the documentation provided. The presumption is that you and Mrs. Krehnbrink are residents of the state of Ohio, until shown otherwise. You had indicated to me that your wife resided in different locations between 2002 and 2007. I would appreciate it if you could please provide me with information and documentation that shows where she lived out of state between 2002 and 2007. Also, please provide me any information regarding income tax paid to other states.
Some of the information provided indicates that your wife received income from businesses in Ohio. The Tax Commissioner has not received any returns from you for the years 2002 to 2007.
{¶ 26} On the one hand, the failure of the tax commissioner to communicate to the taxpayer and the BTA the need to offer proof on a particular point can lead to a waiver by the commissioner of that point. See The Chapel v. Testa, 129 Ohio St.3d 21, 2011-Ohio-545, 950 N.E.2d 142, ¶ 25-28. On the other hand, in a proper case, the tax commissioner can take a position at the BTA that proof of particular points is required and the de novo nature of the BTA proceeding permits those issues to be raised and adjudicated. See Key Servs. Corp. v. Zaino, 95 Ohio St.3d 11, 16, 764 N.E.2d 1015 (2002).
{¶ 27} Here, the tax commissioner’s reliance on the Krehnbrinks’ Ohio residency was not raised until the commissioner’s counsel notified the Krehnbrinks by email just over one month before the second BTA hearing. Then, at that hearing, counsel argued that the assessments were justified by the Krehnbrinks’ Ohio residency.
{¶ 28} In response, Robert Krehnbrink failed to deny Ohio residency or to assert residency outside Ohio. He also admitted that when Leslie Krehnbrink would travel to perform corporate training services, she would “com[e] back to Ohio” when a job assignment was completed. This testimony invokes the essential feature of domicile: an intent to return to a place even if one is away from it for a long time. Schill, 141 Ohio St.3d 382, 2014-Ohio-4527, 24 N.E.3d 1138, at ¶ 24 (“ ‘ “that is properly the domicile of a person where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning” ’ ”), quoting Sturgeon v. Korte, 34 Ohio St. 525, 535 (1878), quoting Story, Conflict of Laws, Section 41.
*136 {¶ 29} While this situation reflects bad administrative practice by the state, the fact remains that Robert Krehnbrink could have, at a minimum, challenged the assertion of Ohio residency for himself and Leslie Krehnbrink, but he did not. Additionally, Krehnbrink declined to object to admission of the five exhibits introduced by the tax commissioner’s counsel, including the Westlaw printout of public-records information that furnished evidence of the Krehnbrinks’ Ohio residency. Krehnbrink thereby acquiesced in viewing residency as an issue to be determined by the BTA and waived the Krehnbrinks’ challenge to the admissibility of the five exhibits as an issue reviewable by this court.
{¶ 30} In any event, even if residency had not been validly placed at issue, Krehnbrink failed to rebut the assessment even if the Krehnbrinks were deemed not to be Ohio residents. The rule is well settled that a taxpayer challenging the assessment has the burden to “ ‘ “show in what manner and to what extent * * * the commissioner’s investigation and audit, and the findings and assessments based thereon, were faulty and incorrect.” ’ ” Maxxim Med., Inc. v. Tracy, 87 Ohio St.3d 337, 339, 720 N.E.2d 911 (1999), quoting Federated Dept. Stores, Inc. v. Lindley, 5 Ohio St.3d 213, 215, 450 N.E.2d 687 (1983), quoting Midwest Transfer Co. v. Porterfield, 13 Ohio St.2d 138, 141, 235 N.E.2d 511 (1968). See also Tetlak v. Bratenahl, 92 Ohio St.3d 46, 51, 748 N.E.2d 51 (2001) (taxpayer had the burden of showing manner and extent of error in a municipal income-tax assessment). Quite simply, Robert Krehnbrink admitted that some of Leslie Krehnbrink’s work was performed in Ohio and failed to prove the amount that was not.
{¶ 31} As a result, the Krehnbrinks proved neither that Leslie Krehnbrink was not a resident nor that they were entitled to relief as nonresidents. Either way, the Krehnbrinks opened the door to affirmance of the entire assessment.
CONCLUSION
{¶ 32} For the foregoing reasons, we affirm the decision of the BTA.
Decision affirmed.
O’Connor, C.J., and Pfeifer, O’Donnell, Lanzinger, and O’Neill, JJ., concur.
Kennedy, J., concurs in judgment only, with an opinion.
French, J., concurs in judgment only.

. The assessments were issued against both the Krehnbrinks. Although the focus has been on Leslie Krehnbrink’s income, only Robert Krehnbrink has appeared in these proceedings. He has appeared pro se based on his joint and several liability with respect to the assessments. See R.C. 5747.08(E).